## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KELLY VIRGINIA MAY,**

 **Plaintiff,**

**v.**          **Case No. 8:24-CV-1322-AAS**

**FRANK BISIGNANO,**
**Commissioner of the Social**
**Security Administration,**[1]

 **Defendant.**
_____/

## ORDER

 Plaintiff Kelly Virginia May requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for Disability Insurance Benefits (DIB). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the parties' memoranda, the Commissioner's decision is **REMANDED** for further consideration.

_____

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Under Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit through the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    PROCEDURAL HISTORY

Ms. May applied for DIB on February 16, 2017, with an alleged disability onset date of December 1, 2015. (Tr. 283–84). Ms. May's application was denied initially and after reconsideration. (Tr. 127–29, 131–35). At Ms. May's request, the ALJ held a hearing. (Tr. 136–37). On August 25, 2021, the ALJ issued a decision denying Ms. May's request for disability benefits. (Tr. 103–20).

Ms. May timely requested review of the ALJ's unfavorable decision, and on December 2, 2019, the Appeals Council remanded Ms. May's claim for further proceedings. (Tr. 121–24). Two additional hearings were held, and on August 30, 2021, the ALJ again issued a decision denying Ms. May's claim for disability benefits. (Tr. 10–28, 1289–337). Ms. May requested a review of her benefits denial, and the Appeals Council denied review. (Tr. 1–6; 1308–13).

On February 22, 2022, Ms. May brought an action in the Middle District of Florida. On July 11, 2022, the court granted the Commissioner's unopposed motion to remand, and on July 12, 2022, judgment was entered in Ms. May's favor. (Tr. 1314–17). On remand, the ALJ denied Ms. May's disability claim without a hearing. (Tr. 1325–44). Ms. May appealed the ALJ's disability benefits denial to the Appeals Council, which remanded Ms. May's claim for further proceedings. (Tr. 1345–50).

The ALJ held a hearing on October 24, 2023. (Tr. 1235–84). On February 16, 2024, the ALJ issued another decision denying Ms. May's claim for DIB

benefits. (Tr. 1211–34). Ms. May now requests judicial review of the Commissioner's February 16, 2024 decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Ms. May's insured status expired on December 31, 2016. (Tr. 291, 1239). At that time, she was 38 years old. (Tr. 283). Ms. May has a high school education and past relevant work experience as a paramedic. (Tr. 1224). Ms. May alleges disability due to anxiety, depression, and migraines. (Tr. 324).

### B. Summary of the Decision

The ALJ must follow five steps when evaluating a disability claim.[2] 20 C.F.R. § 404.1572(a). First, if a claimant is engaged in substantial gainful activity,[3] she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant has no impairment or combination of impairments significantly limiting her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not

---

[2] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 404.1572.

prevent her from performing her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her RFC, age, education, and past work experience) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

The ALJ determined Ms. May had not engaged in substantial gainful activity from her alleged onset date of December 1, 2015, through her date last insured of December 31, 2016. (Tr. 1217). The ALJ found Ms. May has these severe impairments: unspecified anxiety disorder, borderline personality disorder, and alcohol use disorder. (*Id.*). However, the ALJ concluded Ms. May's impairment or combination of impairments failed to meet or medically equal the severity of an impairment in the Listings. (Tr. 1218).

The ALJ found Ms. May had the RFC to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> [Ms. May] is limited to simple, routine, repetitive tasks and only occasionally interacts with the general public, co-workers, and supervisors.

(Tr. 1220). Based on these findings and the vocational expert's (VE) testimony, the ALJ determined Ms. May could not perform her past relevant work. (Tr. 1224). However, the ALJ concluded Ms. May could perform other work. (Tr. 1225). Specifically, Ms. May can perform the jobs of hand packager, laundry

worker, and cleaner. (*Id.*). Thus, the ALJ found Ms. May was not disabled from December 1, 2015,[4] the alleged onset date, through December 31, 2016, the date last insured. (Tr. 1226).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019).

---

[4] Ms. May amended her alleged onset date to March 28, 2015, but the ALJ did not address this amendment. (Tr. 1613). Thus, the period at issue is from the amended onset date of March 28, 2015, through the date last insured of December 31, 2016.

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

**B. Issues on Appeal**

Ms. May raises these issues on appeal: (1) whether the ALJ's RFC assessment properly accounted for Ms. May's mental limitations; (2) whether the ALJ properly considered the evidence from the Department of Veterans Affairs (VA); and (3) whether the ALJ properly weighed the opinion evidence.

### 1. Whether the ALJ's RFC assessment properly accounted for Ms. May's mental limitations.

Ms. May argues the ALJ's RFC and hypothetical are deficient because they failed to incorporate her mental limitations. (Doc. 20, pp. 5–12; Doc. 26, pp. 1–4). Specifically, Ms. May alleges the ALJ failed to account for her moderate limitations in her "ability to concentrate, persist, or maintain pace"

and "adapt or manage [her]self." (*Id.*). In response, the Commissioner contends the ALJ's evaluation of Ms. May's mental limitations is supported by the record evidence and applicable law. (Doc. 25, pp. 6–8).

For the testimony of a VE "to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002); *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). The hypothetical question to the VE must also comprehensively describe the claimant's impairments. *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) (holding that because the hypothetical question to the VE failed to assume the existence of psychological problems, which the ALJ found to be severe, the decision was not based on substantial evidence). The ALJ must also provide a function-by-function assessment of Ms. May's nonexertional capacity regarding work-related functions. *Brunson v. Astrue*, 850 F. Supp. 2d 1293, 1302-03 (M.D. Fla. 2011) (holding the ALJ's decision failed to "address the impact of Plaintiff's moderate limitations in concentration, persistence, or pace on his ability to 'understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting.'").

The ALJ's hypothetical to the VE did not include or comprehensively describe all of Ms. May's mental limitations. The ALJ found Ms. May's mental impairments cause moderate limitations in three of the four broad areas of mental functioning—interacting with others; maintaining concentration, persistence, or pace; and adapting or managing oneself. The limitation to occasional interaction with the general public, coworkers, and supervisors addresses Ms. May's limitations in interacting with others. (Tr. 1218–19). The RFC limitation to simple, routine, repetitive tasks addresses Ms. May's limitations in understanding, remembering, or applying information, which the ALJ found Ms. May has a mild limitation. (Tr. 1218). However, the RFC and hypothetical questions posed to the VE include no restrictions accounting for Ms. May's moderate limitation in her ability to concentrate, persist, or maintain pace, and her ability to adapt or manage herself. *See Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1047 (11th Cir. 2020) (holding the ALJ did not account for the claimant's difficulties with completing a normal workweek because including restrictions to simple work and occasional public interaction did not encompass the claimant's limitations stemming from bipolar disorder); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180-81 (11th Cir. 2011) (holding a claimant's moderate limitation as to concentration, persistence, or pace must be explicitly included in the hypothetical question posed to a VE).

8

Similar to this action, in *Nuno v. Astrue*, No. 6:06-CV-1906-ORL-KRS, 2008 WL 725603 (M.D. Fla. Mar. 17, 2008), the court held the ALJ erred in failing to include limitations arising from the claimant's mental impairment in the hypothetical question posed to the VE. *Id.* at *4. Specifically, the court stated the hypothetical question was inadequate because it did not include the limitations arising from the claimant's mental impairment. *Id.* (citing *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985)). The court also noted that including such a limitation may "begin seriously to erode the occupational base of the jobs [the VE] identified as ones the hypothetical claimant could perform." *Id.*

The ALJ found Ms. May had moderate limitations in maintaining concentration, persistence, and pace, and in her ability to adapt or manage herself due to her mental impairments. However, the ALJ did not account for these limitations in the hypothetical question posed to the VE or the RFC assessment. This failure requires remand.

### 2. Whether the ALJ properly considered the evidence from the VA.

Ms. May argues the ALJ erred in failing to properly consider her VA disability rating of 100%. (Doc. 20, pp. 12–17, Doc. 26, pp. 4–5). In response, the Commissioner contends the ALJ adequately considered Ms. May's VA disability rating and accorded it proper weight in accordance with the applicable statutory guidelines. (Doc. 25, pp. 8–9).

As provided at 20 C.F.R. § 404.1504 and further explained in Social Security Ruling (SSR) 06-03p, "a determination made by another agency that [the claimant is] disabled . . . is not binding on" the Social Security Administration (SSA). SSR 06-03p, 2006 WL 2329939, at *6.2 Rather, "the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner." *Id.* at *7. Nevertheless, the SSA must "evaluate all the evidence in the case record that may have a bearing on [its] determination or decision of disability, including decisions by other governmental and nongovernmental agencies . . . Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." *Id.* at *6.

The Eleventh Circuit clarified how these principles interact in *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317 (11th Cir. 2020), stating that "an ALJ must discuss a decision from another [agency] finding the claimant disabled but may refuse to follow the other agency's decision when the record contains more recent medical evidence supporting a conclusion that the claimant is not disabled." *Id.* at 1329. A reviewing court must:

> consider two questions in deciding whether an ALJ who declined to follow another agency's decision that a claimant was disabled nevertheless properly considered that decision. First, the court must ask whether the ALJ's decision shows that she considered the other agency's decision. *See DePaepe [v. Richardson,]* 464 F.2d

[92,] 101[ (5th Cir. 1972)].[5] If the ALJ's decision does not discuss the other agency's decision, the case must be remanded to the Commissioner for consideration of the other agency's decision. But if the ALJ discussed the other agency's decision, the court moves on to the second step of the analysis: whether substantial evidence in the record supports the ALJ's decision to depart from the other agency's decision. *See Skeels[ v. Richardson,]* 453 F.2d [882,] 883[ (5th Cir. 1972)]. If there is substantial evidence in the record, then the ALJ's decision should be affirmed. *Id.*

*Noble*, 963 F.3d at 1330.

Before *Noble*, the Eleventh Circuit stated that an ALJ must not only "seriously consider and closely scrutinize the VA's disability determination," but also "give specific reasons if the ALJ discounts that determination." *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016) (citing *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)). "If either the ALJ did not consider the other agency's decision or there is not substantial evidence in the record to support the ALJ's decision to depart from the other agency's decision, then the reviewing court must remand the case to the Commissioner." *Blake v. Comm'r of Soc. Sec.*, No. 6:19-CV-2101-ORL-18DCI, 2020 WL 4905392, at *3 (M.D. Fla. July 23, 2020).

The ALJ cannot rely solely on differences between the VA and SSA disability determination standards to reject a VA disability rating. *See Mills v.*

---

[5] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions decided prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

*Berryhill*, 824 F. App'x 894, 899 (11th Cir. 2020) (holding the ALJ did not err when he "discussed the V.A. disability determination in detail, including how the V.A.'s disability process is different from that of the SSA's and how [the claimant's] capabilities were not consistent with the V.A.'s disability rating"); *Trimble v. Saul*, No. 6:19-CV-1074-ORL-JRK, 2020 WL 4746184, at *4 (M.D. Fla. Aug. 17, 2020) (holding an ALJ's recognition that the difference between VA and SSA standards, "in and of itself, may not be enough under *Brown-Gaudet-Evans*" to warrant rejecting a VA rating); *Daniels v. Berryhill*, No. 3:16-cv-412-WC, 2017 WL 2177336, at *4–7 (M.D. Ala. May 17, 2017) (holding the ALJ failed to meaningfully analyze a VA disability rating by merely citing differences in the VA's and SSA's evaluation processes). "Generalized dismissals of agency determinations are insufficient to demonstrate that the ALJ 'seriously considered [the] VA disability rating.'" *Butters v. Berryhill*, No. 6:18-cv-00472-AKK, 2019 WL 3429243, at *5 (N.D. Ala. July 30, 2019) (quoting *Brown-Gaudet-Evans*, 674 F. App'x at 904).

The ALJ gave Ms. May's 100% VA disability rating little weight.[6] (Tr. 1223). In doing so, the ALJ explained the differences between VA and SSA

---

[6] In reviewing and considering Ms. May's disability rating, the ALJ relied on a newer version of this regulation that sets forth analysis and articulation requirements in effect for claims filed on or after March 27, 2017. (Tr. 1223). Ms. May filed her application for DIB on February 16, 2017, before this regulation became effective. (Tr. 283–84). Thus, prior cases interpreting this regulation are applicable. *See Isbell v. Soc. Sec. Admin., Comm'r*, No. 22-10938, 2023 WL 2606614 (11th Cir. Mar. 23, 2023).

disability standards. *Id*. Although the ALJ stated he considered the underlying evidence from the VA, he did not discuss the evidence. (Tr. 1223–24). For example, Ms. May was determined to have total occupational and social impairment. (Tr. 832). Ms. May had symptoms of depressed mood, anxiety, panic attacks more than once per week, chronic sleep impairment, mild memory loss, disturbances of motivation and mood, difficulty in establishing and maintaining effective work and social relationships, and difficulty in adapting to stressful circumstances, including work or a worklike setting. (Tr. 846).

The ALJ failed to demonstrate that he considered Ms. May's VA disability rating with sufficient scrutiny. This failure warrants a remand. *See Butters*, 2019 WL 3429243, at *5 (holding remand was warranted where the ALJ concluded the VA disability rating did not bind his decision merely because the SSA employs different disability determination standards); *Dunham v. Colvin*, No. 2:15-cv-622-GMB, 2017 WL 253979, at *2–4 (M.D. Ala. Jan. 19, 2017) (remand warranted where the ALJ accorded the VA disability determination little weight solely because the VA's and SSA's disability criteria differ).

### 3. Remaining Issue

Because this case is remanded for further consideration, the court need not consider Ms. May's remaining argument raised on appeal regarding the

opinion evidence. See *Demenech v. Sec'y of Dep't of Health & Hum. Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (declining to address the claimant's remaining arguments based on the conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (stating that where remand is required, it may be unnecessary to review other claims raised) (citations omitted).

## IV. CONCLUSION

For the reasons stated, the Commissioner's decision is **REMANDED**, and the Clerk of Court is directed to enter judgment for Ms. May and close the case.

**ORDERED** in Tampa, Florida, on August 12, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge